IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RODNEY HOGG,**

    Petitioner,

v.

**RHONDA RICHARDSON, WARDEN,
CORRECTIONAL RECEPTION
CENTER,**

    Respondent.

**CASE NO. 2:13-CV-693
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp**

## OPINION AND ORDER

On March 13, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed. This matter now is before the Court on Petitioner's *Objection* and Respondent's *Response*. Doc. Nos. 11, 12. For the reasons that follow, Petitioner's *Objection,* Doc. No. 11, is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action hereby is **DISMISSED**.

Petitioner's request for a certificate of appealability is **GRANTED.**

This case involves Petitioner's convictions after a jury trial on aggravated murder and murder. He asserts in this habeas corpus petition, as his sole ground for relief, that he was denied a fair trial because the trial court misinterpreted and misapplied Ohio's Castle Doctrine. The Magistrate Judge recommended dismissal of this claim as procedurally because Petitioner failed to fairly present a federal constitutional issue to the state courts. Petitioner objects to that recommendation.

Petitioner raises all of the arguments previously presented. Petitioner again argues that he presented this claim to the state appellate court as an issue of "impermissible burden shifting,"

which is a federal due process constitutional claim. *Objection*, PageID# 515. Alternatively, referring to language from the Ohio court of appeals' decision denying his claim, Petitioner contends that the state appellate court addressed this federal constitutional issue such that this Court nonetheless may consider the federal claim.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. This Court is not persuaded by Petitioner's arguments. As already discussed in the Magistrate Judge's *Report and Recommendation,* Petitioner failed to refer to the Constitution, any pertinent federal cases employing constitutional analysis, or any state cases relying on federal law. The record fails to reflect that Petitioner alerted the state appellate court to this federal constitutional issue. He argued that his convictions violated state law.

Petitioner argues that the state appellate court nonetheless addressed the federal constitutional issue at hand in view of a brief statement indicating that the " 'due process 'sufficient evidence' guarantee'" did not implicate affirmative defenses. *Objection*, PageID# 522. That statement, however, indicates that a federal insufficiency of the evidence claim did not implicate the issue at hand. Petitioner's argument in this regard therefore fails to persuade the Court.

Petitioner also seeks a certificate of appealability. Where a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484. To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different ." *Barefoot,* 463 U.S ., at 893, and n. 4. In other words, a petitioner must establish that

2

the issues presented were " 'adequate to deserve encouragement to proceed further.' " *Id.* The Court believes that Petitioner has done so here.

The Court certifies the following issue for appeal:

Did this Court improperly deny Petitioner's claim as procedurally defaulted?

Petitioner's *Objection,* Doc. No. 11, is **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action hereby is **DISMISSED.**

Petitioner's request for a certificate of appealability is **GRANTED.**

**IT IS SO ORDERED.**

                                                                  4-18-2014

                                      EDMUND A. SARGUS, JR.
                                      United States District Judge

3